IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30144
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAURUS LORENZO KILPATRICK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-50089-ALL
--------------------
October 9, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Taurus Lorenzo Kilpatrick appeals from his sentence for being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and access device fraud in violation of 18 U.S.C. § 1029(a)(2).  He argues that the district court erred in increasing his base offense level for an abuse of a position of trust pursuant to U.S.S.G. § 3B1.3. Section 3B1.3 provides for an increase of two levels "[i]f the defendant abused a position of public or private trust . . . in a

_____

[*]  Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

manner that significantly facilitated the commission or concealment of the offense."  A position of trust is found where the position places the defendant in a superior position to commit the crime.  See United States v. Dahlstrom, 180 F.3d 677, 685 (5th Cir. 1999), cert. denied, 529 U.S. 1036 (2000); United States v. Scurlock, 52 F.3d 531, 540 (5th Cir. 1995).  We have reviewed Kilpatrick's arguments and the record and find that the district court did not clearly err in imposing the enhancement.  Accordingly, we AFFIRM the district court's decision and Kilpatrick's sentence.

AFFIRMED.